UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ULISES CONSTANTINO NAPURI, INDIVIDUALLY and d/b/a INCAS GRILL, <br><br> Defendant. | Case No: C 10-4171 SBA <br><br> **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT** |

The parties are presently before the Court on Plaintiff J & J Sports Productions, Inc.'s unopposed Motion for Partial Summary Judgment. Dkt. 23. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).[1]

**I.   BACKGROUND**

Plaintiff filed the instant action against Ulises Constantino Napuri, individually, and doing business as Incas Grill, on September 16, 2010. The Complaint alleges four claims for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 ("§ 605"); (2) violation of the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 ("§ 553"); (3) conversion; and (4) violation of California Business & Professions Code § 17200. Plaintiff holds the exclusive national

---

[1] Plaintiff also has filed a motion to appear telephonically for the Case Management Conference previously scheduled for March 6, 2012. Dkt. 30. Since the conference did not proceed on that date, Plaintiff's request is moot. In addition, had Plaintiff's counsel reviewed the Court's Standing Order, he would have realized that all Case Management Conferences in this Court are conducted by telephone. For these reasons, Plaintiff's motion to appear telephonically is denied as moot.

distribution rights for "'Number One': The Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program," telecast nationwide on Saturday, September 19, 2009. Defendant allegedly intercepted and exhibited the program at his business in Contra Costa County on September 19, 2009, without payment to or authorization from Plaintiff.

On October 18, 2011, Plaintiff filed a Motion for Partial Summary Judgment to establish Defendant's liability on all claims except the fourth claim under § 17200.  Dkt. 23.  The motion is largely predicated on Defendant's failure to respond to various Requests for Admissions purporting to establish his unauthorized interception and exhibition of the Program.  Defendant, who is represented by counsel, did not file any response to the summary judgment motion.  Thus, on March 8, 2012, the Court issued an Order notifying Defendant that the deadline to oppose the motion had passed, and directed him to file a response within twenty-one days.  Dkt. 32.  The Order warned Defendant that the failure to oppose the motion would be construed as a consent to the granting of the motion.  To date, however, no opposition has been received.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action.  Fed. R. Civ. P. 56(a)(1).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Federal Rule of Civil Procedure 56(e)(2) expressly permits a district court to enter summary judgment against a party who fails to oppose issues raised in a motion for summary judgment, "if appropriate." Summary judgment is "appropriate" under Rule 56(e)(2) if a motion for summary judgment adequately shows that there are no triable issues of fact, and such contention is unopposed.  Fed. R. Civ.P. 56(e)(2); see Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993) (unopposed summary judgment may be granted where the moving party establishes no genuine issues of material fact).

## III. DISCUSSION

### A. CLAIMS UNDER 47 U.S.C. §§ 553, 605

Plaintiff's first claim alleges a violation of § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts. 47 U.S.C. § 605(a). The second claim alleges a violation of § 553, which prohibits the unauthorized interception of cable communications. 47 U.S.C. § 553(a)(1).

The elements of a claim under § 605 are that the defendant "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." California Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir.1985). Section 553 prohibits a person from "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system." 47 U.S.C. § 553(a)(1).

Plaintiff moves for summary judgment as to the issue of liability on its §§ 605 and 553 claims. Plaintiff has submitted evidence, which is undisputed, establishing its propriety rights in the Program at issue. See Gagliardi Decl. ¶ 3, Dkt. 25. In addition, through unanswered Requests for Admission served on Defendant, Plaintiff has established that on September 19, 2009, Defendant intercepted and broadcast the Program at his business establishment, without payment to or authorization from Plaintiff. See Riley Decl. Ex. A, Dkt. 23-1. The Ninth Circuit has long acknowledged that "[u]nanswered requests for admissions may be relied on as the basis for granting summary judgment." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). Thus, the Court finds that the record presented is sufficient to establish that no genuine issue of material fact exists as to

Defendant's liability for having violated § 605 and § 553, and GRANTS summary judgment as to the issue of liability on these claims.[2]

### B. CONVERSION

Under California law, the elements for a conversion claim are: (1) ownership or right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. See G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv. Inc., 958 F.2d 896, 906 (9th Cir. 1992). "Although conversion generally applies to tangible property, recent court decisions have recognized intangible property such as the exclusive distribution rights over a program may be capable of being converted." Coyne, 2012 WL 761688 at *7.

Here, Plaintiff has demonstrated that summary judgment is proper as to its claim for conversion. As noted, Plaintiff has presented evidence showing that it owns the exclusive commercial distribution rights to the Program. See Gagliardi Decl. ¶ 3. Defendant wrongfully disposed of Plaintiff's property by intercepting and broadcasting the Program without payment or permission to do so, thereby causing Plaintiff to suffer damages in the form of lost licensing fees. Riley Decl. Ex. A, Dkt. 23-1. Accordingly, the Court GRANTS summary judgment on the issue of liability as to Plaintiff's claim for conversion.

### IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Partial Summary Judgment is GRANTED.

---

[2] Though the Ninth Circuit has yet to reach the issue, judges within the Northern District of California generally have determined that § 605 and § 553 are mutually exclusive rather than overlapping. See J and J Sports Prods. v. Coyne, -- F. Supp. 2d --, 2012 WL 761688 at *3 (N.D. Cal. Mar. 7, 2012). At the same time, district courts have found that a single act of unauthorized interception may violate both statutes. Id. Here, Plaintiff has established Defendant's liability under both provisions through his failure to respond to Plaintiff's Requests for Admissions. The matter of whether damages, if any, should be awarded under either or both statutes will be determined when the issue of damages is before the Court.

2. The parties shall appear for a telephonic Case Management Conference November 8, 2012 at 3:15 p.m. Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date. Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

3. This Order terminates Docket 23 and 30.

IT IS SO ORDERED.

Dated:  September 28, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge