UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J & J SPORTS AUTHORITY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ULISES CONSTANTINO NAPURI, individually and d/b/a INCAS GRILL, <br><br> Defendant. | Case No: C 10-4171 SBA <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION** <br><br> Docket 38, 45 |

On March 7, 2013, Magistrate Judge Laurel Beeler ("the Magistrate") issued a Report and Recommendation in which she recommends granting J & J Sports Authority, Inc.'s ("Plaintiff") motion for damages, but awarding damages in amounts less than Plaintiff has requested. Dkt. 45. The parties are presently before the Court on Plaintiff's Motion for De Novo Determination Re Motion for Damages. Dkt. 47. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion. Plaintiff's objections to the Magistrate's Report and Recommendation are OVERRULED and the Court ACCEPTS the Magistrate's recommendation to grant Plaintiff's motion for damages in amounts less than Plaintiff has requested. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     BACKGROUND**

The facts of this case are set forth in the Magistrate's Report and Recommendation, and will not be repeated here in detail. See Dkt. 45 at 2-3. Plaintiff was granted exclusive

national distribution rights to " *'Number One': The Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program*" ("the Program"), which was telecast nationwide on September 19, 2009.  Compl. ¶ 9, Dkt. 1.  On that date, Defendant Ulises Constantino Napuri, individually and doing business as Incas Grill ("Defendant"), intercepted and broadcast the Program at his business establishment in Contra Costa County without authorization from Plaintiff.  Id. ¶ 12.

On September 16, 2010, Plaintiff commenced the instant action against Defendant.  Compl.  On September 28, 2012, the Court granted Plaintiff's motion for partial summary judgment.  Dkt. 33.  On January 16, 2013, Plaintiff filed a motion for damages seeking $10,000 in statutory damages and $100,000 in enhanced statutory damages under 47 U.S.C. § 605, and $2,200 in damages for conversion.  Dkt. 38.  On that same day, the Court referred Plaintiff's motion to the Chief Magistrate Judge or her designee for the preparation of a Report and Recommendation.  Dkt. 40.

On March 7, 2013, the Magistrate issued a Report and Recommendation in which she recommends granting Plaintiff's motion for damages.  Dkt. 45.  The Magistrate recommends awarding $2,200 as damages for conversion, $2,200 in statutory damages and $2,500 in enhanced statutory damages under § 605, for a total of $6,900.  Id. at 4-5.

On March 21, 2013, Plaintiff filed the instant motion, requesting that this Court make a de novo determination of the portions of the Magistrate's Report and Recommendation to which Plaintiff objects.  Dkt. 47-1.  Specifically, Plaintiff objects to the Magistrate's recommendation to award Plaintiff $2,200 in statutory damages and $2,500 in enhanced statutory damages under § 605.  Id.  Plaintiff contends that it is entitled to statutory damages in the amount of $10,000 and enhanced statutory damages in the amount of $100,000.  Id.  In other words, Plaintiff claims that the Magistrate erred by failing to award it maximum statutory damages.

## II.   LEGAL STANDARD

Any objections to the report and recommendation of a Magistrate judge must be filed within fourteen days of receipt thereof.  Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).

1  The district court must make "a de novo determination of those portions of the report or . . .
2  recommendations to which objection is made," and "may accept, reject, or modify, in
3  whole or in part, the findings or recommendations made by the magistrate judge."  28
4  U.S.C. § 636(b)(1); see Civ. L.R. 72-3(a) (any objection must be made as a "Motion for De
5  Novo Determination of Dispositive Matter Referred to Magistrate Judge," and must
6  "specifically identify the portions of the Magistrate Judge's findings, recommendation or
7  report to which objection is made and the reasons and authority therefor").

## III.   DISCUSSION

The Communications Act prohibits commercial establishments from intercepting and broadcasting radio communications to its patrons.  See 47 U.S.C. § 605(a).  Under § 605, a court may award statutory damages between $1,000 and $10,000, and up to $100,000 in enhanced damages where the violation "was committed willfully and for purposes of direct or indirect commercial advantage or financial gain."  47 U.S.C. § 605(e)(3)(C)(i)-(ii).  Satellite television signals are covered communications under § 605(a).  See DIRECTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008).  The award of damages is a matter of the Court's discretion.  See 47 U.S.C. § 605(e)(3)(B)(ii); see Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.").

Here, the Magistrate declined to recommend awarding the statutory maximum damages under the Communications Act.  In reaching this conclusion, the Magistrate noted "that three separate head counts, at various times, revealed that the total number of patrons [at the Incas Grill on the day the Program was broadcast] was 8, 8, and 10," and that the investigator paid no cover charge.  Dkt. 45 at 3.  In addition, the Magistrate noted that Plaintiff submitted evidence showing that a commercial license for the broadcast of the Program would have cost Defendant $2,200 based on the Incas Grill's capacity of approximately 60 people, and that there is no evidence of how much the Incas Grill made

1 during the unlawful broadcast of the Program.  Id. at 3-4.[1]  The Court finds that the
2 Magistrate's reasoning and proposed damage award is reasonable as it is consistent with
3 decisions in analogous cases brought by Plaintiff in this District.  See e.g., J & J Sports
4 Prods., Inc. v. Bonilla, 2011 WL 1344346, at *2 (N.D. Cal. 2011) (awarding $2,200 based
5 on plaintiff's actual losses and $2,200 in enhanced damages when there were 3 to 10
6 patrons, there was no cover charge, and no evidence of how much Defendants made during
7 the unlawful broadcast of the Program); J & J Sports Prods., Inc. v. Mosley, No., 2011 WL
8 2066713, at *5-7 (N.D. Cal. 2011) (awarding $2,500 based on plaintiff's actual losses and
9 $2,500 in enhanced damages when 17 patrons were present, no cover charge was incurred,
10 and there was no evidence that a premium was charged for food or drink).

11 The Court, having conducted a de novo review of the Magistrate's Report and
12 Recommendation, finds no error in the Magistrate's recommendation to impose statutory
13 damages in the amount of $2,200 and enhanced statutory damages in the amount of $2,500.
14 In this Court's view, Plaintiff's demand for the statutory maximum of $10,000 in statutory
15 damages and $100,000 in enhanced statutory damages is exorbitant, and wholly
16 disproportionate to the offense.  The evidence shows very few patrons in attendance and
17 that the investigator paid no cover charge.  Moreover, there is no evidence that there was
18 any increase in the price of food or beverages during the broadcast of the Program.  Under
19 these circumstances, the Court finds that the damages recommended by the Magistrate are
20 reasonable and appropriate.  See Bonilla, 2011 WL 1344346, at *2; Mosley, No., 2011 WL
21 2066713, at *5-7.  Plaintiff, for its part, has failed to cite authority or provide persuasive
22 argument demonstrating that a maximum statutory award is appropriate.

---

[1] The Magistrate also noted that Defendant's failure to respond to Plaintiff's Requests for Admission "means that he admits that he advertised the Program, charged a cover charge, and has shown similar programs in the past three years."  Dkt. 45 at 4.

## IV. CONCLUSION

In sum, the Court finds that the damage awards recommended by the Magistrate are within the range prescribed by the Communications Act and are more than sufficient to further the purposes of the statute. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for De Novo Determination Re Motion for Damages is DENIED. Plaintiff's objections to the Magistrate's Report and Recommendation are OVERRULED and the Court ACCEPTS the Magistrate's recommendation to grant Plaintiff's motion for damages in amounts less than Plaintiff has requested. Plaintiff is awarded $6,900 in damages, which is comprised of the following: (1) $2,200 in statutory damages pursuant to § 605(e)(3)(C)(i)(II); (2) $2,500 in enhanced statutory damages pursuant to § 605(e)(3)(C)(ii); and (3) $2,200 in damages for conversion.

2. This Order terminates Docket 38 and 45.

IT IS SO ORDERED.

Dated:  4/22/13

SAUNDRA BROWN ARMSTRONG
United States District Judge