UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8                   UNITED STATES  DISTRICT COURT

9                    Northern District of California

10                    San Francisco Division

11   J&J SPORTS PRODUCTIONS, INC.,                  No. C 10-04171-SBA (LB)

12                Plaintiff,                        **REPORT AND RECOMMENDATION
                                                    REGARDING PLAINTIFF'S MOTION
13       v.                                         FOR ATTORNEY'S FEES AND
                                                    COSTS**
14   ULISES CONSTANTINO NAPURI,
     individually and d/b/a INCAS GRILL,            [Re: ECF No. 48]
15
                 Defendant.
16   _____/

17                          **INTRODUCTION**

18       Plaintiff J&J Sports Productions, Inc. ("J&J") brought this civil action against Defendant Ulises

19   Constantino Napuri, individually and doing business as Incas Grill, for violation of J&J's exclusive

20   commercial distribution rights to a sporting event.  Complaint, ECF No. 1.[1]  Judge Armstrong, the

21   presiding judge in this case, granted summary judgment in favor of J&J with respect to J&J's claims

22   under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 ("§ 605"), and the

23   Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §

24   553 ("§ 553"), and for conversion.  9/28/2012 Order, ECF No. 33.  Thereafter, J&J filed a motion

25   for attorney's fees and costs, Motion for Fees, ECF No. 48, and Judge Armstrong referred the

26
27
28       [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated pages numbers at the top of the document.

C 10-04171-SBA (LB)
REPORT AND RECOMMENDATION

UNITED STATES DISTRICT COURT
For the Northern District of California

1    motion to the undersigned for a report and recommendation, 3/28/2013 Referral Order, ECF No. 50.

2    Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without

3    oral argument and vacates the May 2, 2013 hearing.  Upon consideration of the applicable authority,

4    the papers submitted, and the record in the case, the undersigned **RECOMMENDS** that the district

5    court grant in part and deny in part J&J's motion and award J&J $9,412.12 in attorney's fees and

6    $430.00 in costs.

7                                              **STATEMENT**

8        J&J holds the exclusive national distribution rights for "'Number One': The Floyd Mayweather,

9    Jr. v. Juan Manuel Marquez Championship Fight Program" (the "Program"), which was telecast

10   nationwide on Saturday, September 19, 2009.  Mr. Napuri intercepted and exhibited the program at

11   his business in Contra Costa County on September 19, 2009, without payment to or authorization

12   from J&J.

13       J&J filed the instant action against Mr. Napuri, individually and doing business as Incas Grill, on

14   September 16, 2010.  Complaint, ECF No. 1.  The Complaint alleges four claims: (1) violation of the

15   Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 ("§ 605"); (2) violation of the

16   Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §

17   553 ("§ 553"); (3) conversion; and (4) violation of California Business & Professions Code § 17200.

18   *See id.*

19       On October 18, 2011, J&J filed a Motion for Partial Summary Judgment to establish Mr.

20   Napuri's liability on all claims except the fourth claim under § 17200. Motion for Partial Summary

21   Judgment, ECF No. 23.  (J&J later withdrew its § 17200 claim.  *See* 1/17/2013 Order, ECF No. 41.)

22   On September 28, 2012, Judge Armstrong granted summary judgment in favor of J&J with respect

23   to J&J's claims under § 553 and § 605 and for conversion.  9/28/2012 Order, ECF No. 33.

24       On January 16, 2013, with Mr. Napuri's liability determined, J&J filed a motion for damages

25   under § 605 and for conversion.  Motion for Damages, ECF No. 38.[2]  It sought statutory damages of

26

27
_____

28        [2] J&J explicitly stated that it does not seek damages under § 553.  Motion for Damages, ECF
     No. 38 at 6 n.2.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   $10,000 and enhanced damages of $100,000 for Mr. Napuri's § 605 violation and $2,200 in damages

2   for Mr. Napuri's conversation. *Id*. at 7, 15. Judge Armstrong referred the motion to the undersigned

3   for a report and recommendation, 1/16/2013 Referral Order, ECF No. 40, and the undersigned

4   recommended that J&J be awarded a total of $6,900 in damages ($2,200 in statutory damages under

5   47 U.S.C. § 605(e)(3)(C)(i)(II), enhanced damages of $2,500 under 47 U.S.C. § 605(e)(3)(C)(ii), and

6   $2,200 in conversion damages), Report and Recommendation re Damages, ECF No. 45 at 5. Judge

7   Armstrong later accepted the undersigned's recommendation and awarded J&J damages in this

8   amount. Order Accepting Report and Recommendation re Damages, ECF No. 54.

9        Now, J&J moves for attorney's fees and costs. Motion for Fees, ECF No. 48. Judge Armstrong

10  referred the motion to the undersigned for a report and recommendation. 3/28/2013 Referral Order,

11  ECF No. 50. Mr. Napuri has not filed an opposition to J&J's motion.

12                                              **ANALYSIS**

13  **I. LEGAL STANDARD**

14       Reasonable attorney's fees are recoverable under both 47 U.S.C. § 605(e)(3)(b)(iii) and §

15  553(c)(2)(c). Section 605 applies to satellite transmissions and imposes a mandatory award of

16  attorney's fees to the prevailing party. *J & J Sports Productions, Inc. v. Magat*, No. C 11–01149

17  WHA, 2011 WL 4831206 at *2, 4 (N.D. Cal. Oct. 12, 2011) (citing *Kingvision Pay-Per-View Ltd. v.*

18  *Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999). Section 553, on the other hand, applies to

19  cable transmissions and imposes only a discretionary award of attorney's fees. *Id.* (citing *Lake Alice*

20  *Bar*, 168 F.3d at 349 n.1). Courts in this District have held that when a defendant defaults and the

21  court is unable to determine the means by which defendant intercepted the program, the court should

22  award damages pursuant to § 605 because it permits a higher maximum award and mandatory

23  attorney's fees and costs. *See G & G Closed Circuit Events, LLC v. Nguyen*, No. C 11–06340 JW,

24  2012 WL 2339699, at *2 n.4 (N.D. Cal. May 30, 2012); *J & J Sports Productions Inc. v. Miranda*,

25  No. C 09–1037 SI, 2009 WL 3837273, at *2 (N.D. Cal. Nov. 16, 2009); *Kingvision Pay-Per-View,*

26  *Ltd. v. Chavez*, No. C 00-2270 CRB, 2000 WL 1847644, at *2 (N.D. Cal. Dec.11, 2000). Regardless

27  of the provision under which a plaintiff prevails or receives damages, however, a plaintiff's request

28  for attorney's fees and costs must be reasonable. *See* 47 U.S.C. §§ 553(c)(2)(c), 605(e)(3)(b)(iii).

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The court determines the amount of reasonable attorney's fees by applying the "lodestar"

2    method. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also, Ferland v. Conrad Credit Corp.*,

3    244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014,

4    1028 (9th Cir. 1996)). The court calculates the lodestar by "multiplying the number of hours the

5    prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City*

6    *of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "In determining reasonable hours, counsel bears the

7    burden of submitting detailed time records justifying the hours claimed to have been expended.

8    Those hours may be reduced by the court where documentation of the hours is inadequate; if the

9    case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or

10   otherwise unnecessary." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal

11   citations omitted). The district court must base its determination whether to award fees on its

12   judgment as to whether "the work product . . . was both useful and of a type ordinarily necessary to

13   advance the . . . litigation." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003).

14   "In determining a reasonable number of hours, the Court must review detailed time records to

15   determine whether the hours claimed by the applicant were unnecessary, duplicative or excessive."

16   *Defenbaugh v. JBC & Assoc., Inc.*, No. C–03–0651, JCS 2004 WL 1874978 (N.D. Cal. Aug. 10,

17   2004) (citing *Chalmers*, 796 F.2d at 1210). Where there is a lack of opposition to a party's motions,

18   or where the instant action is routine or substantially similar to prior actions brought by the same

19   attorney, a court may find requests for attorney's fees excessive. *See*, *e.g.*, *Owen v. Brachfeld*, No. C

20   07-4400 JF (PVT), 2008 WL 5130619, at *2 (N.D. Cal. Dec. 5, 2008) (where counsel requested

21   reimbursement for a total of 8.9 attorney hours for preparing a summary judgment motion, the court

22   awarded only half the requested fees because defendants did not oppose the motion and the drafting

23   document was "a matter of course in his practice" and "almost identical to that filed in connection

24   with a similar motion"); *Sanchez v. Bank of America*, No. 09–5574 SC, 2010 WL 2382347, at *5

25   (N.D. Cal. June 10, 2010) (in calculating attorney's fees, the court reduced the number of reasonable

26   hours from 89.8 to thirty, in light of the fact that defendant had "defended itself in near-identical

27   prior actions by other plaintiffs" represented by the same attorney).

28

UNITED STATES DISTRICT COURT
For the Northern District of California

## II. APPLICATION

In support of its motion, J&J submitted an invoice that contains an "itemized computation of attorney's fees and costs incurred in this matter through March 21, 2013." Riley Declaration, Exh. 1, ECF No. 48-1 at 4-11. Regarding the creation of the invoice, Mr. Riley declares: "Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves. Having handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." *Id.* at 2 ¶ 6. The invoice, which contains 116 billing entries, then, is a reconstruction of based on Mr. Riley's review of the case file, and yields the following totals:

- Lead attorney time: 11.31 hours x $450.00 per hour = $5,089.50.
- Research attorney time: 11.00 hours x $300.00 per hour = $3,300.00.
- Paralegal time: 4 hours x $150.00 per hour = $600.00.
- Administrative assistant time: 23.29 hours x $75.00 per hour = $1,746.75.

Added together, 49.60 hours were worked and resulted in $10,736.25 of attorney's fees. *Id.* at 10.

After reviewing the invoice, the undersigned finds that it does not provide sufficient justification for the amount of requested attorney's fees and costs. First, as a general matter, the invoice falls short of the type of detailed time records courts usually require. *See Hensley v. Eckerhart*, 461 U.S. at 438 n.13 (finding that the district court properly reduced the hours of one attorney by thirty percent to account in part for his failure to keep contemporaneous time records); *Joe Hand Promotions, Inc. v. Be*, No. 11–CV–01333–LHK, 2011 WL 5105375, at *7 (N.D. Cal. Oct. 26, 2011) (denying plaintiff's request for attorney's fees under nearly identical circumstances); *Zynga Game Network Inc. v. Erkan*, No. 09–3264 SC, 2010 WL 3463630, at *2 (N.D. Cal. Aug. 31, 2010) (denying a motion for attorney's fees where plaintiff failed to attach actual billing records). Because invoice is a "reconstruction" based on the file and created after services were rendered, the court finds that it is less reliable than actual billing records. *See Be*, 2011 WL 5105375, at *7 ("Without actual billing records, however, the Court gives little weight to these figures."). As an example of this lessor level of reliability, the court notes that the invoice contains entries for the "Preparation of Initiating Suit Papers (Complaint, Summons, Certification as to Interested Parties, Civil Cover

1   Sheet") by Mr. Riley (1.00 hour) and for the "Preparation, Filing, and Service of Initiating Suit

2   Papers (Complaint, Summons, Certification as to Interested Parties, Civil Cover Sheet)" by his

3   administrative assistant (2.00 hours) that are dated September 29, 2010, but all of these documents

4   were filed almost two weeks before then, on September 16, 2010.  *See* ECF Nos. 1-3.

5       Second, the undersigned finds that hours Mr. Riley and his staff spent in reviewing certain

6   documents received were unnecessarily duplicative.  Specifically, the court takes issue with the

7   following entries listed on the invoice:

8   •   December 21, 2009: review of letter of representation from Mr. Napuri's attorney LeRue Grim
        by both Mr. Riley (0.13 hours) and his administrative assistant (0.13 hours).
9
    •   June 21, 2010: review of certain correspondence from Mr. Napuri's attorney LeRue Grim
10      regarding settlement by both Mr. Riley (0.10 hours) and his administrative assistant (0.10 hours).

11  •   October 22, 2010: review of certain correspondence from Mr. Napuri's attorney LeRue Grim
        regarding responsive pleadings by both Mr. Riley (0.10 hours) and his administrative assistant
12      (0.10 hours).

13  •   October 25, 2010: review of Mr. Napuri's Answer by both Mr. Riley (0.25 hours) and his
        administrative assistant (0.25 hours).
14
    •   March 29, 2011: review of email from Amanda Barreto by both Mr. Riley (0.10 hours) and his
15      administrative assistant (0.10 hours).

16  •   March 29, 2011: review of Mr. Napuri's case management conference statement by both Mr.
        Riley  (0.10 hours) and his administrative assistant (0.10 hours).
17
    •   September 28, 2012: review of Judge Armstrong's order granting J&J's summary judgment
18      motion by both Mr. Riley (0.25 hours) and his administrative assistant (0.25 hours).

19  Mr. Riley does not explain why he and his administrative assistant duplicate their cursory review of

20  documents received when presumably Mr. Riley can accomplish the task himself.  Because Mr.

21  Riley does not provide any justification for this practice, the undersigned recommends that the

22  district court exclude the administrative assistant's fees of $77.25 for these tasks.[3]

23      Third, the undersigned finds that many of the entries are excessive in the amount of time spent

24  on the stated activity:

25  •   September 29, 2010: preparation of "initiating suit papers" by Mr. Riley (1.00 hour) and his
        administrative assistant (2.00 hours).  Mr. Riley and his assistant spent a combined 3 hours
26      drafting a short, boilerplate complaint (and standard accompanying papers) that, aside from
        different dates and proper nouns, is identical to complaints Mr. Riley filed in previous-filed
27

28      [3] 1.03 hours x $75.00/hour = $77.25

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   actions. *Compare*, *e.g.*, Complaint, ECF No. 1, *J & J Sports Productions, Inc. v. Dailey*, No.
2   C10–01874 SBA (N.D. Cal. Apr. 30, 2010) *with J & J Sports Productions, Inc. v. Napuri*, No.
    C10-04171 SBA (N.D. Cal. Sep. 16, 2010). Spending 3 hours on such a complaint is excessive.

3   • January 27, 2011: preparation of ADR certification by Mr. Riley (0.50 hours) and his
    administrative assistant (1.00 hour). Mr. Riley and his assistant's combined 1.5 hours filling-in
4   of a caption, case number, date, and signature on a one-page form document is excessive. *See*
    ADR Certification, ECF No. 15.

5
    • March 17 and 21, 2011: preparation of proposed case management conference statement to
6   attorney LeRue Grim by Mr. Riley (1.00 hour) and his administrative assistant (1.50 hours), and
    preparation of an updated case management conference statement by Mr. Riley (0.25 hours) and
7   his administrative assistant (0.25 hours). Mr. Riley and his assistant spent a combined 3 hours
    working on an updated case management conference statement. The updated CMC statement
8   that Mr. Riley ultimately filed contained very little new information and largely copied sentences
    from the initial case management conference statement and put them in the past tense. *Compare*
9   Initial CMC Statement, ECF No. 13 *with* Updated CMC Statement, ECF No. 16. Spending 3
    hours on such a statement is excessive.

10
    • October 28, 2011: preparation of stipulation to continue settlement conference deadline by Mr.
11  Riley (0.50 hours) and his administrative assistant (1.00 hour). Here, Mr. Riley and his assistant
    also spent a combined 1.5 hours on a very short document for which most of its language was
12  taken from a previously-filed document. *Compare* Stipulation to Continue Settlement
    Conference, ECF No. 26 *with* Stipulation to Continue Settlement Conference Deadline, ECF No.
13  27. This is excessive.

14  • March 5, 2012: preparation of motion to appear by telephone by Mr. Riley (0.50 hours) and his
    administrative assistant (1.00 hours). Mr. Riley and his assistant spent a combined 1.5 hours
15  drafting what essentially is a boilerplate, quarter-page document. *See* Motion to Appear by
    Telephone, ECF No. 30. This is excessive.

16
    • November 6, 2012: preparation of *ex parte* motion to continue case management conference by
17  Mr. Riley (0.50 hours) and his administrative assistant (1.00 hour). Mr. Riley and his assistant
    spent a combined 1.5 hours drafting what essentially is a boilerplate, quarter-page document.
18  *See* Motion to Continue CMC, ECF No. 35. This is excessive.

19       J&J's present case is largely identical to numerous other lawsuits that Mr. Riley, on J&J's

20  behalf, has filed before courts in this District and others and that involve nearly identical pleadings,

21  motions, and statements. *See J&J Sports Prods., Inc. v. Concepcion*, No. C 10–05092 WHA, 2011

22  WL 2220101, at *5 (N.D. Cal. June 7, 2011) (noting that as of 2011 the Northern District of

23  California had rendered at least 28 decisions in cases filed by J&J, represented by Mr. Riley, and

24  out-of-district federal courts had rendered at least another 22 decisions in cases involving the same

25  party and lawyer). One would expect each additional similar case to involve substantially less effort

26  by Mr. Riley, its long-time counsel. *See Joe Hand Promotions, Inc. v. White*, No. C 11–01331 CW

27  (JSC), 2011 WL 6749061, at *3 (finding motion for attorney's fees and default judgment to be form

28  motions, citing cases involving virtually identical motions, and reducing fees by one third); *J&J*

UNITED STATES DISTRICT COURT
For the Northern District of California

1  *Sports Prods., Inc. v. TCOS Enters., Inc.*, Civil Action No. 10–7130, 2012 WL 1361655, at *1-2

2  (E.D. Pa. Apr. 19, 2012) (reducing requested fees for Mr. Riley, unnamed research attorney,

3  paralegal and administrative assistant due to boilerplate nature of the filings). Because Mr. Riley

4  and his staff spent excessive time on the documents specified above, the court recommends that the

5  district court reduce the $2,493.75 in fees related to these documents by half ($1,246.88).[4]

6  Accordingly, in total, the undersigned recommends that the district court award J&J attorney's fees

7  in the amount of $9,412.12.[5]

8      Fourth, with respect to the award of costs, 28 U.S.C. § 1920 specifies that the taxable costs for

9  which a party may seek reimbursement in federal court include the cost of deposition and trial

10  transcripts, witness fees and mileage, interpreting costs, and the cost of certain small photographs.

11  *Id.*; *see Crawford Fitting Company, et al., v. J.T. Gibbons, Inc. Champion Int'l Corp.*, 482 U.S. 437,

12  441 (1987) ("costs" include only the specific items enumerated in 28 U.S.C. § 1920); *see also* Fed.

13  R. Civ. P. 54. Moreover, Civil Local Rule 54.3 provides for recovery of only the following items:

14  fees for filing and service of process, reporter's transcripts, depositions, reproduction and

15  exemplification, witness expenses, fees for masters and receivers, costs on appeal, and costs on

16  bonds and security. Civ. L. R. 54.3. There is no provision in 28 U.S.C. § 1920, Rule 54, or Civil

17  Local Rule 54 that allows a prevailing party to recover costs of pre-filing investigation. J&J

18  submitted documentation that it incurred the following "costs": $2,775.00 in "investigative

19  expenses"; $350.00 in filing fees; and $80.00 in service fees. Riley Declaration, Exh. 1, ECF No.

20  48-1 at 11. J&J provides no authority for the recovery of its investigative fees, and courts in this

21  District have refused to award unsupported pre-filing investigation fees to the prevailing party. *See,*

22  *e.g., Joe Hand Promotions Inc. v. Piacente*, No. C–10–3429 CW (JCS), 2011 WL 2111467, at *9

23  (N.D. Cal. Apr. 11, 2011) ("Plaintiff has submitted no authority for the proposition that investigative

24  fees incurred prior to the initiation of the lawsuit are taxable costs. Therefore, the Court does not

25

26

27      [4] ((4.25 hours x $450/hour = $1,912.50) + (7.75 hours x $75/hour = $581.25) = $2,493.75) /2
   = $1,246.88.

28      [5] $10,736.25 - $77.25 - $1,246.88 = $9,412.12.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   recommend awarding Plaintiff's costs of $600.00 in private investigator's fees."); *Century 21 Real*

2   *Estate, LLC v. Heritage Real Estate, Inc.*, No. C 06-7809 WDB, 2007 WL 2023552 at \*10 (N.D.

3   Cal. July 6, 2007) ("we note that charges by a private investigator do not constitute taxable costs"

4   (citing Civil Local Rule 54-3)).  This is consistent with precedent in other jurisdictions as well.  *See*

5   *Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) (finding that certain costs

6   were not recoverable because they were "purely investigative in nature"); *J & J Sports Productions,*

7   *Inc. v. Schrader Restaurant Corp.*, 485 F. Supp. 2d 422, 424 (S.D.N.Y. 2007) ("As other courts have

8   noted, 'There is no provision . . . for a prevailing party to be awarded the cost of its investigator.")

9   (citations omitted); *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5, 13 (E.D. Mich.

10  1970) (finding that preliminary investigations were not recoverable).  Therefore, the undersigned

11  recommends that the district court deny J&J recovery of its investigative costs of $2,775 and that

12  J&J be awarded recovery of only $430 for its filing and service fees.

### CONCLUSION

14  For the foregoing reasons, the undersigned **RECOMMENDS** that the district court grant in part

15  and deny in part J&J's motion for attorney's fees and award J&J $9,412.12 in attorney's fees and

16  $430.00 in costs.

17  Any party may file objections to this report and recommendation with the district judge within

18  fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civ.

19  L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the district court.

20  This disposes of ECF No. 48.

21  **IT IS SO ORDERED.**

22  Dated: April 26, 2013

LAUREL BEELER
United States Magistrate Judge