UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ULISES CONSTANTINO NAPURI, individually and d/b/a INCAS GRILL, <br><br> Defendant. | Case No: C 10-04171 SBA <br><br> **ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION** <br><br> Docket 48, 55 |

On September 16, 2010, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the instant action against Ulises Constantino Napuri, individually, and doing business as Incas Grill ("Defendant"). Compl., Dkt. 1. The complaint alleges four claims for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 ("§ 605"); (2) violation of the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 ("§ 553"); (3) conversion; and (4) violation of California Business & Professions Code § 17200. Id. On September 28, 2012, the Court granted Plaintiff's motion for partial summary judgment on its conversion claim and its claims under § 553 and § 605. Dkt. 33.

On March 21, 2013, Plaintiff filed a motion for attorneys' fees and costs, seeking $10,736.25 in attorneys' fees and $3,205 in costs. Dkt. 48. On March 28, 2013, the Court referred this matter to Magistrate Judge Laurel Beeler ("the Magistrate") for a Report and Recommendation. Dkt. 50. On April 26, 2013, the Magistrate issued a Report and Recommendation in which she recommends granting in part and denying in part Plaintiff's

motion for attorneys' fees and costs. Dkt. 55. The Magistrate recommends that the Court award Plaintiff $9,412.12 in attorneys' fees and $430 in costs. Id.

Any objections to the Magistrate's Report and Recommendation were required to be filed within fourteen days of service thereof. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(C). The deadline to object to the Report and Recommendation was May 10, 2013. See Fed.R.Civ.P. 6(a)(1); Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(C). To date, no objections have been filed. When no objections are filed, the district court need not review the Report and Recommendation de novo. Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having reviewed the Magistrate's Report and Recommendation and the papers filed in connection with Plaintiff's motion for attorneys' fees and costs, the Court hereby ACCEPTS IN PART AND REJECTS IN PART the Magistrate's Report and Recommendation. The Court accepts the Magistrate's recommendation to award costs in the amount of $430, but rejects her recommendation to award attorneys' fees in the amount of $9,412.12. For the reasons stated below, the Court finds that Plaintiff has failed to sustain its burden to demonstrate that the fee award requested is reasonable.

**I.      DISCUSSION**

   **A.     Attorneys' Fees**

Reasonable attorneys' fees are recoverable under both § 605(e)(3)(B)(iii) and § 553(c)(2)(C). The court determines the amount of reasonable attorneys' fees by applying the "lodestar" method. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Id. In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. See id. at 434.

Next, the district court must determine a reasonable hourly rate, considering the experience, skill, and reputation of the attorney requesting fees. Chalmers, 796 F.2d at 1210. Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with a special emphasis on fees charged by lawyers of "comparable skill, experience, and reputation." Davis v. City of San Francisco, 976 F.2d 1536, 1546 (9th Cir. 1992) vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993). As a general rule, the forum district represents the relevant legal community. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) (in determining the prevailing market rate, "generally, the relevant community is the forum in which the district court sits"). The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895, n. 11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff requests a total of $10,736.25 in attorneys' fees based on 11.31 hours of work at an hourly rate of $450 performed by Thomas P. Riley ("Riley"), as well as 11 hours of work at an hourly rate of $300 performed by an "independent research attorney," 4 hours of work at an hourly rate of $150 performed by a paralegal, and 23.29 hours of work at an hourly rate of $75 performed by an administrative assistant. Dkt. 48-1. In support of its fee request, Plaintiff submitted the declaration of Riley and a chart describing the services rendered and hours billed. Id. However, the entries in the chart are not based on contemporaneous billing records; instead, "[b]illable hours for legal services [were]

reconstructed by way of a thorough review of the files themselves" after services were rendered. See Riley Decl. ¶ 6. According to Riley, "[h]aving handled thousands of commercial signal privacy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered. Our rates for legal, administrative, and paralegal time are well within the prevailing market rates for the Central District of California." Id. Riley further states that he has been practicing law for over eighteen years, and that his firm has specialized in the civil prosecution of commercial signal piracy claims since 1994. Id. ¶¶ 3-4.

Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff. See Joe Hand Promotions, Inc. v. Be, 2011 WL 5105375, at *7 (N.D. Cal. 2011) ("Without actual billing records, . . . the Court gives little weight to . . . figures" in a chart "reconstructing" billable time); Joe Hand Promotions, Inc. v. White, 2011 WL 6749061, at *2 (N.D. Cal. 201) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable."); Zynga Game Network Inc. v. Erkan, 2010 WL 3463630, at *2 (N.D. Cal. 2010) (denying motion for attorney's fees where plaintiff failed to attach "actual billing records"). Furthermore, Plaintiff's showing with respect to the hourly rates charged by the attorneys that worked on this case is woefully inadequate. Plaintiff has made no effort to demonstrate that the hourly rates charged are reasonable in the Northern District of California. Plaintiff did not submit an affidavit from any attorney that worked on this case or from any other attorney attesting to the prevailing rates in the Northern District of California for "similar services by lawyers of reasonably comparable skill, experience and reputation." Nor did Plaintiff submit any evidence of hourly rate determinations in other similar cases in the Northern District of California setting the rate for the attorneys seeking fees in this case. Instead, without elaboration, Riley simply asserts that the rates charged are "well within the prevailing market rates for the Central District of California." Riley Decl. ¶ 6. However, the Northern

1  District of California, not the Central District of California, is the "relevant community" for
2  purposes of determining whether the hourly rates charged in this case are reasonable.
3        Further, other than Riley's conclusory assertion that the rates charged "are
4  comparable to rates for specialized litigation law firms, and [his] personal rate [of $450 per
5  hour] is comparable to the rates of law firm partners who practice in specialized litigation,"
6  Riley Decl. ¶ 5, Plaintiff offers no information or documentation justifying the rates
7  requested, such as a curriculum vitae or resume for the individuals that worked on this
8  case.[1]  Accordingly, the Court concludes that Plaintiff has failed to carry its burden to
9  demonstrate that the requested fee award is reasonable.[2]

10     **B.**    **Costs**

11       Section 605 requires that the court award "full costs . . . to an aggrieved party who
12 prevails."  47 U.S.C. § 605(e)(3)(B)(iii); see 47 U.S.C. § 553(c)(2)(C) (A court may "direct
13 the recovery of full costs . . . to an aggrieved party who prevails.").  Plaintiff seeks $3,205
14 in costs, including $2,775 for investigative expenses,[3] the $350 filing fee, and $80 for
15 service of process charges.  Dkt. 48-1.  Plaintiff, however, provides no authority for the
16 recovery of its investigative fees, and courts have refused to award pre-filing investigation
17 fees to the prevailing party.  See, e.g., Joe Hand Promotions Inc. v. Piacente, No., 2011 WL

---

[1] There is no indication whether the unidentified "independent research attorney" that worked on this case is admitted to practice law in California and, if so, when he or she was admitted to practice.  Nor has Plaintiff provided a description of the individual's educational background or litigation experience.

[2] The Court notes that the Magistrate identified various billing entries that she determined to be unnecessarily duplicative or excessive in the amount of time spent on the stated activity.  At this juncture, the Court will not address the Magistrate's findings given Plaintiff's insufficient showing regarding the amount of attorneys' fees requested.  However, the Court advises Plaintiff that in the event it elects to submit additional information in support of its attorneys' fee request, it should endeavor to eliminate all hours from the fee calculation that are excessive, redundant, or otherwise unnecessary, i.e., hours that were not "reasonably expended" on this litigation.

[3] According to Riley, Exhibit 2 attached to his declaration is a "copy of an investigator services bill covering the *Program* herein."  Riley Decl. ¶ 8.  A review of this document reveals that Plaintiff received a bill in the amount of $2,775 for investigator services.  Riley Decl., Exh. 2.  However, Plaintiff was only billed $475 for investigator services related to the instant action.  Plaintiff offers no explanation as to why it is entitled to recover expenses for investigator services unrelated to this action.

2111467, at *9 (N.D. Cal. 2011); J & J Sports Productions, Inc. v. Schrader Restaurant Corp., 485 F.Supp.2d 422, 424 (S.D.N.Y. 2007). Accordingly, the Court will only allow reimbursement for costs in the amount of $430, which consists of the $350 filing fee and $80 for service of process. See Civ. L.R. 54-3 (An award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred.").

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The Magistrate's Report and Recommendation is ACCEPTED IN PART AND REJECTED IN PART. Defendant is ordered to pay Plaintiff costs in the amount of $430. Plaintiff may submit additional documentation supporting its request for attorneys' fees by no later than seven (7) days from the date this Order is filed. The Court warns Plaintiff that the failure to timely file additional documentation addressing the deficiencies discussed above will result in the denial of its request for attorneys' fees.

2. This Order terminates Docket 55.

IT IS SO ORDERED.

Dated: 8/15/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge